IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME FERRIER,
    Petitioner,

vs.                                       Case No.:  4:17cv178/RH/EMT

FLORIDA DEPARTMENT OF CORRECTIONS,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

At Petitioner's request, and with no opposition from Respondent, the court stayed this habeas case until final disposition of Petitioner's post-conviction appeal pending in the Florida First District Court of Appeal ("First DCA"), Case No. 1D17-3476, to enable Petitioner to exhaust his state court remedies with respect to three claims presented in his second amended § 2254 petition (*see* ECF No. 44).  The court ordered Petitioner to provide the court with a status report of the First DCA proceeding every 90 days, beginning on May 21, 2018 (*see id.*).

On May 21, 2018, Petitioner filed a status report indicating that between April 9, 2018 and May 14, 2018, he filed pleadings not only in First DCA Case No. 1D17-3476, but also in the state circuit court in which he was convicted and sentenced (*see* ECF No. 45).  Petitioner requests that this court extend the stay until final disposition of those proceedings (*id.*).

Petitioner has also filed an "Affidavit for Temporary Restraining Order Pursuant to Fed. Civ. R. 65" (ECF No. 46). Petitioner alleges he was transferred from Hamilton C.I to Apalachee C.I. on April 17, 2018. Petitioner alleges his legal materials arrived at Apalachee C.I. on May 5, 2018, but he has not "received" them from prison officials. Petitioner refers the court to an attachment to the instant Affidavit for TRO, which is a Request for Storage of Excess Active Legal Materials (ECF No. 46, Ex. A). According to the Request, which Petitioner signed on November 10, 2017 (when he was housed at Hamilton C.I.), Petitioner's active legal material exceed the capacity of storage available in his inmate locker, and he requested permission to store those materials in another area of the institution (*id.*). By signing the Request, Petitioner acknowledged his understanding that the materials were subject to a cursory review by prison staff to ensure compliance with FDOC rules regarding utilization of excess storage, approved property and contraband (*id.*). Petitioner contends officials at Apalachee C.I. are "retaining his legal work without cause" (*id.*). He alleges he needs his legal materials to effectively litigate his state cases and the instant federal habeas case (*id.*). Petitioner alleges if his materials are not provided to him, he will suffer immediate and irreparable injury, because he will be unable to "file motions, replys [sic], or any other court ordered responses" (*id.*).

Case No.: 4:17cv178/RH/EMT

Petitioner contends Apalachee C.I. officials are violating his First Amendment right to access the courts, and depriving him of his property without due process of law in violation of the Fifth Amendment (*id.*). Petitioner requests an injunction requiring the Warden of Apalachee C.I. East Unit to "turn over" his legal materials (*id.*).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that the movant will prevail on the merits;

2. There exists a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs the threatened harm an injunction will do to the non-moving party; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted; <u>Carillon Imp., Ltd.</u>, 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad., Inc.</u>, 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the operative pleading (in this case, Petitioner's § 2254 petition). <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

Petitioner's allegations do not provide a basis for granting injunctive relief. Although Petitioner alleges that without possession of his legal materials, he will be unable to "file motions, replys [sic], or any other court ordered responses," he admits he was able to comply with the First DCA's order to file an amended initial brief in Case No. 1D17-3476 (the only state court case which is the basis for the stay entered

in this habeas case).  Further, Petitioner was obviously able to comply with this court's order requiring him to file a status report in the instant case, which is the only activity this court has authorized.  Additionally, Petitioner failed to satisfy his burden of showing that the relief sought in the instant motion (possession of his legal materials) is closely related to the conduct complained of in his second amended § 2254 petition (i.e., alleged constitutional violations that occurred in his state criminal proceedings).  Therefore, Petitioner's request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Affidavit for Temporary Restraining Order Pursuant to Fed. Civ. R. 65" (ECF No. 46) be **DENIED**.

At Pensacola, Florida, this 25th day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:17cv178/RH/EMT